IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL D. MILES, | 1:12-cv-00812 MJS (HC) |
| Petitioner, | ORDER GRANTING PETITIONER'S THIRD MOTION FOR EXTENSION OF TIME TO FILE A PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| UNKNOWN, | |
| Respondent. | ORDER DENYING OTHER OUTSTANDING MOTIONS AS MOOT |
| | [Docs. 7, 10-11] |
| _____/ | THIRTY DAY DEADLINE |

Petitioner is a state prisoner proceeding pro se. In a letter dated January 12, 2012, Petitioner filed a letter inquiring about filing a Petition for Writ of Habeas Corpus.

On February 3, 2012, the Court explained that a completed petition must be submitted before an action can be commenced. Specifically the Court explained the following:

> In order to commence an action in habeas corpus, petitioner must file a completed petition for writ of habeas corpus, as required by Rule 3 of the Rules Governing Section 2254 cases, together with an application to proceed in forma pauperis or payment of the required filing fee ($5.00), see 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying relief until an action has been properly commenced. Therefore, petitioner will be provided an opportunity to file a petition for writ of habeas corpus, and to submit an application requesting leave to proceed in forma pauperis or to pay the appropriate filing fee.

(Order, ECF No. 3.) On May 17, 2012, the matter was transferred from the Sacramento Division to the Fresno Division of the United States District Court for the Eastern District

of California.

The Court has previously granted two extensions of time to file a petition. On April 30, 2011, Petitioner filed a third motion to extend time to file a petition for writ of habeas corpus. While the Court is aware of Petitioner's allegations of physical hardship in drafting the petition, the Court cannot keep the present matter open indefinitely without a petition on file. The Court further notes that Petitioner may amend his petition at a later date and need only provide plain and simple statements regarding underlying facts and relief sought to file the petition. See generally Fed. R. Civ. P. 8(a). Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

Further, Petitioner has filed a motion to proceed in forma pauperis and a motion to toll the petition to exhaust state remedies. As a petition has yet to be filed, these motions are premature and dismissed as MOOT.

Good cause having been presented to the Court, IT IS HEREBY ORDERED that:

1. Petitioner is granted thirty days from the date of service of this order in which to file a petition for writ of habeas corpus. **No further extensions of time will be provided.**

2. The Clerk of the Court is directed to send Petitioner a blank form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated:   May 29, 2012                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE