1  \*

2

3

4

5

6

7

8

9

10  # UNITED STATES DISTRICT COURT

11  ## EASTERN DISTRICT OF CALIFORNIA

12  RUSSELL D. MILES,                          ）   1:12-cv-00812 AWI MJS HC
                                              ）
13              Petitioner,                   ）
                                              ）
14      v.                                    ）   FINDINGS AND RECOMMENDATION
                                              ）   REGARDING RESPONDENT'S MOTION
15                                            ）   TO DISMISS
                                              ）
16  RANDY GROUNDS, Warden,                    ）   [Doc. 27]
                                              ）
17              Respondent.                   ）
    _____       ）

18

19      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254. Respondent, Randy Grounds, as warden of Salinas Valley

21  State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d)

22  of the Federal Rules of Civil Procedure. Respondent is represented in this action by Brian G.

23  Smiley, Esq., of the Office of the Attorney General for the State of California.

    ## I.    BACKGROUND
24
        Petitioner is currently in the custody of the California Department of Corrections
25
    pursuant to a judgment of the Superior Court of California, County of Stanislaus, after having
26
    been convicted by a jury of residential burglary and three counts of assault with a deadly
27

28

weapon plus several sentencing enhancements. (See LD No. 1.[1]) On June 25, 2009, Petitioner was sentenced to serve an indeterminate term of ninety (90) years to life. (Id.) On September 2, 2010, the California Court of Appeal, Fifth Appellate District, struck several of the enhancements but otherwise affirmed the judgment. (Id.) Petitioner sought review before the California Supreme Court, but it was denied on November 17, 2010. (LD 2.)

Petitioner did not file any state post-conviction collateral challenges to the judgment.

On June 28, 2012[2], Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On October 19, 2012, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and for failure to exhaust state remedies. (Mot. to Dismiss, ECF No. 27.) Despite filing several motions for extension of time to file a response, Petitioner did not respond to the motion to dismiss.

**II.    DISCUSSION**

**A.    Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

[2] Petitioner's federal petition was filed on July 2, 2012, under the mailbox rule the Court will consider the petition filed on June 28, 2012, the date Petitioner signed the petition.

1  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

2  after the court orders a response, and the Court should use Rule 4 standards to review the

3  motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

4       In this case, Respondent's motion to dismiss is based on a violation of the one-year

5  limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar

6  in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

7  procedural default and Respondent has not yet filed a formal answer, the Court will review

8  Respondent's motion to dismiss pursuant to its authority under Rule 4.

9       **B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

10      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

11  of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ

12  of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117

13  S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).

14      In this case, the petition was filed on June 28, 2012, and is subject to the provisions of

15  the AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a

16  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,

17  subdivision (d) reads:

18           (1)  A 1-year period of limitation shall apply to an application for a writ of
         habeas corpus by a person in custody pursuant to the judgment of a State court.
19       The limitation period shall run from the latest of –

20           (A) the date on which the judgment became final by the conclusion of
         direct review or the expiration of the time for seeking such review;
21
             (B) the date on which the impediment to filing an application created by
22       State action in violation of the Constitution or laws of the United States is
         removed, if the applicant was prevented from filing by such State action;
23
             (C) the date on which the constitutional right asserted was initially
24       recognized by the Supreme Court, if the right has been newly recognized by the
         Supreme Court and made retroactively applicable to cases on collateral review;
25       or

26           (D) the date on which the factual predicate of the claim or claims
         presented could have been discovered through the exercise of due diligence.
27
             (2) The time during which a properly filed application for State post-conviction
28       or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on November 17, 2010. The state appeal process became final ninety days later, on February 15, 2011, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on February 16, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from February 16, 2011, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until June 25, 2012, over four months after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

## C.   Petitioner's Earlier Correspondence Does Not Serve as a Federal Petition

The present federal action was initiated when Petitioner filed correspondence with the Court on February 1, 2012. Respondent asserts that Petitioner's correspondence and motions for extension of time to file a petition do not serve as the commencement of his federal petition. This Court agrees.

### 1.   Procedural History

On February 1, 2012, Petitioner filed correspondence dated January 12, 2012, inquiring with the Court about the last day for filing a federal petition. (Inquiry, ECF No. 1.) He also explained that he did not have adequate access to the law library, did not have his property until December 2011, and has been negatively impacted by symptoms resulting from multiple sclerosis. (Id.) On February 13, 2012, the Court issued an order explaining:

> In order to commence an action in habeas corpus, petitioner must file a completed petition for writ of habeas corpus, as required by Rule 3 of the Rules

> Governing Section 2254 cases, together with an application to proceed in forma pauperis or payment of the required filing fee ($5.00), <u>see</u> 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying relief until an action has been properly commenced. Therefore, petitioner will be provided an opportunity to file a petition for writ of habeas corpus, and to submit an application requesting leave to proceed in forma pauperis or to pay the appropriate filing fee.

(ECF No. 3.) The Court provided Petitioner a form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and required Petitioner to file a petition within thirty (30) days. On February 16, 2012, in response to a motion for extension of time, the Court issued a second order again explaining:

> On February 13, 2012, this court issued an order informing petitioner that the documents he submitted to the court could not reasonably be construed as a petition for writ of habeas corpus, and that petitioner had also failed to pay the filing fee or submit an application to proceed in forma pauperis. The court informed petitioner that he must satisfy both requirements in order to commence a habeas corpus action; the court accorded petitioner thirty days within which to do so.

(ECF No. 5.) On March 15, 2012, Petitioner filed another motion for extension of time to file the petition due to his physical disabilities and lack of access to legal materials. (ECF No. 8.) The Court granted the extension providing Petitioner until April 27, 2012 to file a petition. (ECF No. 9.) Petitioner filed additional extensions of time on April 23 and 30, 2012 to allow time to exhaust state remedies and prepare a federal petition. (ECF Nos. 10-11.)

On May 17, 2012, the Court transferred the matter from the Sacramento Division to the Fresno Division and noted "By order filed March 20, 2012, petitioner was granted an extension of time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not yet filed such petition." (ECF No. 12) (citation omitted.) Upon transfer, the Court granted Petitioner's third request for extension of time, but warned Petitioner:

> The Court has previously granted two extensions of time to file a petition. On April 30, 2011, Petitioner filed a third motion to extend time to file a petition for writ of habeas corpus. While the Court is aware of Petitioner's allegations of physical hardship in drafting the petition, the Court cannot keep the present matter open indefinitely without a petition on file. The Court further notes that Petitioner may amend his petition at a later date and need only provide plain and simple statements regarding underlying facts and relief sought to file the petition. <u>See</u> <u>generally</u> Fed. R. Civ. P. 8(a). Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

(ECF No. 14.) The Court further warned Petitioner that no further extensions of time would be

1  provided. (Id.) On June 25, 2012, Petitioner filed a petition for writ of habeas corpus. (Pet.,

2  ECF No. 18.) That petition is subject to Respondent's motion to dismiss.

3      **2.  Analysis**

4    Petitioner's correspondence and motions for extensions of time cannot be considered

5  petitions for writ of habeas corpus. A petition for writ of habeas corpus must: "1)  specify all

6  the grounds for relief available to the petitioner; (2)  state the facts supporting each ground;

7  (3)  state the relief requested; (4)  be printed, typewritten, or legibly handwritten; and (5)  be

8  signed under penalty of perjury by the petitioner or by a person authorized to sign it for the

9  petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2. Petitioner's

10  filings prior to the petition filed on June 25, 2012 did not meet the above requirements.

11  Accordingly, no petition was pending at the time the present action commenced on February

12  1, 2012. See Braggs v. Walker, 2011 U.S. Dist. LEXIS 74733 (N.D. Cal. July 11, 2011) citing

13  Woodford v. Garceau, 538 U.S. 202, 210 (2003) (request for counsel in capital case did not

14  suffice to make "pending" a habeas petition filed after the effective date of AEDPA.);  Scott v.

15  Swarthout, 2012 U.S. Dist. LEXIS 95471 (E.D. Cal. July 10, 2012).

16    Here Petitioner was warned multiple times that he had not filed a federal petition, and

17  that unless he did so, his  action would be dismissed. "The Court notes that no determination

18  was made as to the timeliness of any forthcoming petition in his first habeas action." Braggs,

19  2011 U.S. Dist. LEXIS 74733 5-6 n.1. "When Petitioner was given [] extension[s] of time to file

20  his petition, the Clerk was merely allowing Petitioner such an extension to avoid dismissal for

21  failure to prosecute (under Rule 41(b) of the Federal Rules of Civil Procedure) because

22  without an actual petition, his action could not proceed." Id.  Accordingly, the instant petition

23  was filed on June 25, 2012, over four months after the statute of limitations period expired.

24    **D.  Tolling of the Statute of Limitations Period During State Court Appeals**

25    28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

26  State post-conviction or other collateral review with respect to the pertinent judgment or claim

27  is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

28  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As Petitioner did not seek state post-conviction collateral review, he is not entitled to statutory tolling.

### E.   Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not responded to the motion to dismiss or otherwise presented arguments and evidence regarding equitable tolling. However, Petitioner, in requesting several extensions of time, has claimed that he has difficulty writing due to multiple sclerosis, is not trained in the law, and has not had sufficient access to the law library. The Court shall address each argument in turn.

### 1.   Petitioner's Physical Impairments

Petitioner contends that he was unable to timely file the petition because of his difficulty writing due to multiple sclerosis. Petitioner attached a medical history report to a motion for extension of time documenting that he suffers from progressive multiple sclerosis. (Mot., ECF No. 4 at 3-4.)

Under some circumstances, a mental illness or physical impairment can represent an

extraordinary circumstance justifying equitable tolling. See Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003) (remanded to determine whether mental illness prevented petitioner from timely filing). A petitioner who "makes a good-faith allegation that would, if true, entitle him to equitable tolling" may be entitled to an evidentiary hearing. Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (quoting Laws, 351 F.3d at 919). However, a district court is not obligated to hold an evidentiary hearing to further develop the factual record, even when a petitioner alleges mental incompetence or physical impairment, when the record is sufficiently developed, and it indicates that the petitioner's impairment was not so severe as to cause the untimely filing of his habeas petition. Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).

While the Court is not in possession of significant records regarding Petitioner's symptoms of multiple sclerosis, it is evident from the record that Petitioner was capable of drafting short filings with the court during the relevant time period and further that Petitioner was not diligent in pursuing his rights. Holland v. Florida, 130 S. Ct. at 2560-62. Petitioner contends that his multiple sclerosis causes him significant difficulty writing. Even taking Petitioner's contentions as true, it is undisputed that Petitioner filed several motions for extension of time and other filings with this Court during the relevant time period, all reflecting an ability to properly file a petition.

Petitioner filed a letter to the Court, dated January 12, 2012, inquiring about when the statute of limitations period was to expire. Petitioner was not sure if the deadline had already passed, or if he had until the middle of February to timely file a petition. If Petitioner had filed a form habeas petition with sufficient information at that time, rather than a letter, the petition would have been timely. Petitioner was aware that the limitations period was to expire in February, but did not attempt to file a petition before that time.

Even assuming that Petitioner had difficulty writing, he was, upon threat of dismissal of the present action, able to prepare and file a form petition that sufficiently stated claims for relief. Petitioner has not provided any reason why he could not have timely drafted the necessary pleadings as set forth on the form petition. Petitioner was able to do so shortly after the limitations period expired, and has not provided any suggestion that his physical condition

1  changed.

2      Petitioner has not presented a rational reason why his physical impediments were the

3  cause of the delay in not timely filing the petition. Accordingly, Petitioner was not diligent in

4  attempting to file, and Petitioner has not shown that his physical impairment prevented him

5  from filing earlier. Petitioner is not entitled to the benefit of equitable tolling and an evidentiary

6  hearing to further develop the claim is unwarranted. Roberts, 627 F.3d at 773.

7              **2.      Ignorance of the Law**

8      Petitioner also claims he should be entitled to equitable tolling because he is

9  uneducated and does not have knowledge of the law. This claim for equitable tolling must also

10  fail. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se lack of legal sophistication

11  is not an extraordinary circumstance warranting equitable tolling); Turner v. Johnson, 177 F.3d

12  390, 392 (5th Cir. 1999), (inmate's lack of legal training, a poor education, or illiteracy does not

13  give a court reason to toll the limitations period); Shoemate v. Norris, 390 F.3d 595, 598 (8th

14  Cir. 2004); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's circumstances

15  are no different than the majority of incarcerated prisoners attempting to file petitions for writ

16  of habeas corpus. Accordingly, his ignorance of the law is not an extraordinary circumstance

17  entitling Petitioner to equitable tolling.

18              **3.      Limited Access to Law Library**

19      Petitioner also claims that he has had limited access to the law library. These

20  circumstances are also not extraordinary and do not warrant equitable tolling. See United

21  States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997) (inability to secure copies of

22  transcripts from court reporters and lockdowns at prison lasting several days and allegedly

23  eliminating access to law library were not extraordinary circumstances and did not equitably

24  toll one-year statute of limitations); Atkins v. Harris, 1999 U.S. Dist. LEXIS 164, 1999 WL

25  13719, *2 (N.D. Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not

26  constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of

27  limitations. Prisoners familiar with the routine restrictions of prison life must take such matters

28  into account when calculating when to file a federal [habeas] petition . . . ."); Giraldes v.

U.S. District Court
E. D. California

Ramirez-Palmer, 1998 U.S. Dist. LEXIS 17573, 1998 WL 775085, *2 (N.D. Cal. 1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Moreover, Petitioner fails to make a showing that he was prevented in any way from timely filing the instant petition during the limitations period because lack of access to the library. He mentions his attempts to request assistance from the law library have not been answered, but provides no information as to how and when such attempts were made and how the non-response to them prevented him from filing sooner. Petitioner's vague reference to unspecified lockdowns and the law librarian's transfer to another prison is insufficient to justify equitable tolling. Lockdowns are experienced by most, if not all, incarcerated prisoners and yet others file timely petitions for writ of habeas corpus. Such circumstances are not extraordinary and do not justify equitable tolling.

**III.    CONCLUSION**

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Furthermore, Petitioner is not entitled to the benefit of statutory tolling or equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

**IV.    RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14)

1  days after service of the Objections.  The Finding and Recommendation will then be submitted

2  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

3  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

4  waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th

5  Cir. 1991).

6

7

8  IT IS SO ORDERED.

9  Dated:    May 24, 2013                    /s/ Michael J. Seng
                                            UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28